UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRAIG RYAN ESPIGH, | : | CIVIL NO: 1:19-CV-02221 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | (Magistrate Judge Schwab) |
| | : | |
| BOROUGH OF LEWISTOWN, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**MEMORANDUM OPINION**

**I.   Introduction and Procedural History.**

A probation visit led to a police chase; the police chase ended with a car crash.  The crash victim, Craig R. Espigh ("Espigh"), now sues the Commonwealth of Pennsylvania's Borough of Lewistown ("the Borough"), Lewistown Police Department ("the Department"), David K. Clemens (Lewistown's police chief, who we hereinafter refer to as "Clemens") and several police officers.  Hereinafter we refer to this action's defendants collectively as "Defendants."

Espigh filed his complaint on December 27, 2019.  Espigh's complaint raises four claims stemming from the police chase and car crash.  In Count I, Espigh alleges that the Borough, the Department, and Clemens failed to create, implement, and/or enforce policies concerning vehicular pursuits.  *Doc. 1 at ¶¶ 53-*

*67.*  In Count II, Espigh alleges that all Defendants violated his civil rights in different ways during the police chase and car crash.  *Doc. 1 at ¶¶ 68-73.*  In Count III, Espigh alleges that the conduct of all Defendants during the police chase and car crash constituted a state-created danger in violation of Espigh's Constitutional rights.  *Doc. 1 at ¶¶ 74-84.*  In Count IV, Espigh alleges that all Defendants were negligent during the police chase and car crash.  *Doc. 1 at ¶¶ 85-92.*

The parties have consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c).  This case was accordingly referred to the undersigned.  *See Doc. 17.*  On February 28, 2020, Defendants filed the partial motion to dismiss that is the subject of this Memorandum Opinion.  Defendants do not move to dismiss Count I.  But Defendants do move to dismiss Counts II, III, and IV.  *Doc. 7.*  On April 20, 2020, Espigh filed a "response" to each of the numbered paragraphs of Defendants' motion.  *Doc. 22.*  Espigh has not filed a formal brief opposing Defendants' motion.

Defendants' motion is ripe for disposition, and, for the following reasons, Defendants' motion is granted.  Counts II, III, and IV of Espigh's complaint are dismissed with leave to amend.  Further, we will *sua sponte* dismiss Espigh's Counts I, II, and III as asserted against the Department, because the Department is not a proper party to these Constitutional claims.  And, we will *sua sponte* dismiss Espigh's Count IV as asserted against the Department, because we decline to

exercise supplemental jurisdiction over this state law claim. Espigh's four claims against the Department are dismissed with prejudice, and Espigh will not receive leave to amend.

## II. Factual Allegations in Espigh's Complaint.

According to the complaint, on January 9, 2018, Espigh met with his probation officer at the Mifflin County Probation office as required. *Doc. 1 at ¶ 22*. While there, "it became apparent" that Espigh was going to be handcuffed for an alleged parole violation. *Doc. 1 at ¶ 25*. "While engaged in the handcuffing process," Espigh alleges that he fell and hit his head, "and an ambulance was called." *Doc. 1 at ¶¶ 26-27*. After EMS transported Espigh from the building, Espigh "determined he had not been arrested, was never placed under arrest and was not handcuffed or restrained in any way," and "left the scene and returned to his home." *Doc. 1 at ¶¶ 28-30*.

Per Espigh, the following day, when he was parked at a local Dollar Store, two police officers "approached [Espigh's] vehicle," and he "became concerned" and "pulled out of the parking lot." The officers "then activated their emergency lights and siren and began to pursue Espigh." *Doc. 1 at ¶¶ 33-35, 37*. A twelve-and-a-half mile high speed chase ensued. *Doc. 1 at ¶ 39*.

"[A]s the chase worsened and became more aggressive," "Espigh failed to negotiate a curve in the roadway, left the road and hit a tree head-on." *Doc. 1 at ¶ 41*. Espigh asserts that he suffered "life-threatening, serious and permanent" injuries including a crushed and fractured nose, multiple facial fractures, a fractured and damaged collarbone and neck, and various gaping lacerations and head wounds. *Doc. 1 at ¶ 46.*

### III.  Defendants' 12(b)(6) Partial Motion to Dismiss.

**A.  Standards for a 12(b)(6) Motion to Dismiss.**

In accordance with Fed. R. Civ. P. 12(b)(6), the court may dismiss a complaint for "failure to state a claim upon which relief can be granted." When reviewing a motion to dismiss under Rule 12(b)(6), "[w]e must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010). In making that determination, we "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the [plaintiff's] claims are based upon these documents." *Id.* at 230.

"A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a)." *I.H. ex rel. D.S. v. Cumberland Valley Sch. Dist.*, 842 F. Supp. 2d 762, 769-70 (M.D. Pa. 2012). "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The statement required by Rule 8(a)(2) must give the defendant fair notice of the nature of the plaintiff's claim and of the grounds upon which the claim rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required, but more is required than "labels," "conclusions," or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to 'show' such an entitlement with its facts." *Id.*

In considering whether a complaint fails to state a claim upon which relief can be granted, the court "'must accept all facts alleged in the complaint as true and construe the complaint in the light most favorable to the nonmoving party.'" *Krieger v. Bank of Am., N.A.*, 890 F.3d 429, 437 (3d Cir. 2018) (quoting *Flora v. Cty. of Luzerne*, 776 F.3d 169, 175 (3d Cir. 2015)). But a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to

dismiss." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). A court also need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

Following *Twombly* and *Iqbal,* a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Tp.,* 629 F.3d 121, 130 (3d Cir. 2010) (footnote and citations omitted) (quoting *Iqbal,* 556 U.S. at 675, 679).

### B. Discussion.

**1. As a general matter, the Department is not a proper party for Espigh's Counts I, II, and III. And we will decline to exercise supplemental jurisdiction over Espigh's Count IV. Thus, Espigh's claims are all dismissed with prejudice as to the Department.**

Espigh's Counts I, II, and III each allege that Defendants have failed to uphold certain guarantees of the United States Constitution. *See, e.g., Doc. 1 at ¶¶ 66-67, 70, 84.* Therefore, while Espigh does not explicitly state as such, we assess that he brings these three claims under 42 U.S.C. § 1983. "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.*, 422 F.3d 141, 146 (3d Cir. 2005). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.* To establish a claim under Section 1983, the plaintiff must establish a deprivation of a federally protected right and that this deprivation was committed by a person acting under color of state law. *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005).

Espigh asserts Counts I, II, and III against, among other Defendants, the Department. *See Doc. 1 at ¶¶ 53-84.* In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the United States Supreme Court held that local governments

are "persons" and are subject to suit under Section 1983. Following *Monell*, however, courts have concluded that a local government's police department is a sub-unit of that local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See, e.g., Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-89 (W.D. Pa. 1993). Thus, these courts have held that while a municipality may be liable under Section 1983, a police department, as a mere sub-unit of the municipality, may not. *Id.* Similarly, judges within this District have concluded that a police department, such as the Department here, is merely a sub-unit of the police department's local government and is not, itself, amenable to suit under Section 1983. *See, e.g., Terrell v. City of Harrisburg Police Dept.*, 549 F. Supp. 2d 671, 686 (M.D. Pa. 2008) (Conner, J.) ("It is well-settled that police departments operated by municipalities are not 'persons' amenable to suit under Section 1983."); *Holland v. Pocono Regional Police Department*, 3:13-CV-1406, 2013 WL 3973080, at *13 (M.D. Pa. July 31, 2013) (Carlson, M.J.) (report and recommendation citing cases holding that a police department is not a "person" for purposes of Section 1983 and, therefore, is not a proper defendant in a Section 1983 action), *report and recommendation adopted*, 2013 WL 3973080, at *1 (Mariani, J.); *Golya v. Golya*, No. 3:05-CV-0100, 2007 WL 2301085, at *9 (M.D. Pa. Aug. 9, 2007) (Vanaskie, J.). Further, although we are not aware of a precedential opinion by the Third Circuit on this point, in a non-

precedential opinion, the Third Circuit reached the same conclusion. *See Martin v. Red Lion Police Dept.*, 146 F. App'x 558, 562 n. 3 (3d Cir. 2005) (per curiam).

Following this significant body of authority under *Monell*, the Department is not a proper defendant in these three Section 1983 claims. (We note that Espigh also asserts these claims against the municipality of Lewistown itself.) Defendants did not raise this issue in their briefing. However, "[t]he District Court has the power to dismiss claims *sua sponte* under Rule 12(b)(6)." *Bintliff-Ritchie v. Am. Reinsurance Co.*, 285 F. App'x 940, 943 (3d Cir. 2008).

The Department is not a proper defendant for Counts I, II, and III, and so, these three Counts are dismissed as to the Department. As we recounted, Counts I, II, and III proceed under federal law. Count IV, a negligence claim, is different—it proceeds under Pennsylvania state law. *See Doc. 1 at 85-92*. This remaining claim is a claim over which this Court has supplemental jurisdiction.

Whether to exercise supplemental jurisdiction is within the discretion of the court. 28 U.S.C. § 1367(c)(3) provides that district courts may decline to exercise supplemental jurisdiction over a state law claim if the district court has dismissed all claims over which it has original jurisdiction. When deciding whether to exercise supplemental jurisdiction, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." *City of Chicago v. Int'l Coll. of Surgeons*, 522

9

U.S. 156, 173 (1997) (quoting *Carnegie-Mellon Univ. v. Cahill*, 484 U.S. 343, 350 (1988)).  The Third Circuit has held that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."  *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of West Miflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)).

There is nothing unique about this case such that considerations of judicial economy, convenience, and fairness provide an affirmative justification for exercising supplemental jurisdiction after the dismissal of Espigh's three federal claims.  Accordingly, we will decline to exercise supplemental jurisdiction over Espigh's Count IV, the remaining state law claim.

Based on the foregoing, Espigh's complaint is dismissed against the Department without leave to amend.  Amendment as to the Department would be futile, and "[u]nder [Federal] Rule [of Civil Procedure] 15(a), futility of amendment is a sufficient basis to deny leave to amend."  *Id.*

### 2. Defendants' conduct did not shock the conscience.  Thus, Counts II and III are dismissed.

Espigh asserts his second and third claims under the Fourth and Fourteenth Amendments of the United States Constitution.  *See Doc. 1 at ¶¶ 70, 76(b).*  A

claim under the Fourteenth Amendment entails judicial analysis of whether a defendant's conduct has violated substantive due process in a general fashion. But the Fourth Amendment provides a more specific "explicit source of constitutional protection against . . . physically intrusive governmental conduct." *Graham v. Connor*, 490 U.S. 386, 395 (1989). We therefore "must discern whether a more particularized amendment"—in this case, the Fourth Amendment—"applies rather than generalized notions of substantive due process." *Koreny v. Smith*, No. CV 17-371, 2018 WL 1141513, at *5 (W.D. Pa. Mar. 2, 2018) (citing *Albright v. Oliver*, 510 U.S. 266, 273 (1994)). After reviewing Espigh's complaint, we find that "[t]he allegations in this police pursuit case are properly analyzed under substantive due process because . . . there was no seizure of [Espigh] by the police susceptible of analysis under the Fourth Amendment." *Id.* at *5. Here, even making all factual inferences in Espigh's favor, as we must at this stage of the proceedings, the officers made a show of authority by approaching Espigh's vehicle, but Espigh did not yield to that authority – on the contrary, he departed at great speed. This does not constitute a seizure. *See California v. Hodari D.*, 499 U.S. 621, 626, 111 S. Ct. 1547, 1550, 113 L. Ed. 2d 690 (1991) (holding that "a show of authority as with respect to application of physical force" did not constitute a seizure when the subject "does not yield"). Therefore, the Fourth

11

Amendment does not apply to Espigh's second and third claims. We proceed to the Fourteenth Amendment substantive due process analysis.

To establish a substantive due process violation under the Fourteenth Amendment, Espigh must demonstrate that Defendants' conduct here was "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998), *abrogated on other grounds by Saucier v. Katz*, 533 U.S. 194 (2001). "[C]onduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level." *Id.* at 849. Further, given the circumstances of this "high-speed automobile chase aimed at apprehending a suspected offender," Espigh must show "a purpose to cause harm unrelated to the legitimate object of arrest." *Id.* at 836.[1]

---

[1] The United States Court of Appeals for the Third Circuit has articulated "three distinct categories of culpability depending on how much time a police officer has to make a decision." This is a sliding scale that federal trial courts should use in determining whether police conduct shocks the conscience. *Sauers v. Borough of Nesquehoning*, 905 F.3d 711, 717 (3d Cir. 2018). In the facts as Espigh pleads them, the officers, as in *Haberle v. Troxell*, were making "[s]plit-second decisions taking place in a hyperpressurized environment"—they were pursuing a parole violator who had escaped from custody just a day earlier. 885 F.3d 170, 177 (3d Cir. 2018). Therefore, the "purpose to cause harm" standard applies. *See Sauers*, 903 F.3d at 723 (applying the "purpose to cause harm" standard to an officer "mak[ing] split-second decisions to pursue [a] fleeing suspect[]").

Espigh's complaint is silent concerning Defendants' intent or purpose to cause this unrelated harm. *See Doc. 1*. Therefore, Espigh's second claim does not establish a substantive due process violation under the Fourteenth Amendment. *See Koreny v. Smith*, No. CV 17-371, 2018 WL 1141513, at *7 (W.D. Pa. Mar. 2, 2018); *compare with Pinkston v. City of Jersey City*, No. 219CV13285BRMJAD, 2020 WL 4251485, at *9 (D.N.J. July 24, 2020). We will thus dismiss Espigh's second claim.

The deficiency in Espigh's second claim afflicts Espigh's third claim as well. In Espigh's third claim, he asserts that Defendants' conduct rendered Espigh susceptible to a "state-created danger." *See Doc. 1 at ¶¶ 74-84*. For a plaintiff to plead a state-created danger claim, a plaintiff must plead that "the state actor acted with a degree of culpability that shocks the conscience." *Sauers v. Borough of Nesquehoning*, 905 F.3d 711, 717 (3d Cir. 2018). As above, Espigh has not pleaded that Defendants' conduct "shocks the conscience," because he fails to plead that Defendants had an intent or purpose to cause an unrelated harm. We will thus dismiss Espigh's third claim.[2]

---

[2] Defendants argue that they should receive qualified immunity for the actions that Espigh describes in his complaint. *See Doc. 9 at 22-24*. As the discussion above makes clear, we have found an independent reason for dismissal, and therefore, for reasons of judicial economy, we will not discuss Defendants' qualified immunity argument.

13

### 3. Defendants are immune from state tort liability. Thus, Count IV is dismissed.

In Espigh's fourth claim, he asserts that certain Defendants were negligent. He only asserts this fourth claim against Clemens and the individual police officers who Espigh alleges were involved in the police chase and car crash. *See Doc. 1 at ¶¶ 85-92*. But "[u]nder the Pennsylvania Political Subdivision Tort Claims Act ("PPSTCA"), police officers are immune from state tort liability for acts within the scope of their employment except when the alleged conduct involves 'a crime, actual fraud, actual malice or willful misconduct.'" *Brummell v. City of Harrisburg*, No. 1:09-CV-01816, 2010 WL 3896382, at *3 (M.D. Pa. Sept. 30, 2010) (quoting 42 PA. CONS. STAT. § 8550). Espigh has not alleged that Clemens' conduct or any of the individual officers' conduct involved "a crime, actual fraud, actual malice or willful misconduct." *See Doc. 1*. Further, by its very nature, a negligence claim such as Espigh's Count IV does not speak to conduct that involves "a crime, actual fraud, actual malice or willful misconduct." *See Kobrick v. Stevens*, No. CIV.A. 3:13-2865, 2014 WL 4914186, at *14 (M.D. Pa. Sept. 30, 2014) (holding that "[g]iven that [requirements of 'actual malice' or 'willful misconduct'] necessarily require a higher level of fault than mere negligence, the plaintiffs' negli[g]ence claim fails as a matter of law"). As the allegations in Espigh's complaint indicate that these Defendants appear to have been acting in

the scope of their employment, the PPSTCA shields these Defendants from liability. And we will accordingly dismiss Espigh's fourth claim in its entirety.

### 4. Espigh will receive leave to amend Counts II, III, and IV.

"The court should freely give leave to amend when justice so requires," FED. R. CIV. P. 15(a)(2), and "the pleading philosophy of the Rules counsels in favor of liberally permitting amendments to a complaint." *CMR D.N. Corp. v. City of Philadelphia*, 703 F.3d 612, 629 (3d Cir. 2013). "This liberal amendment regime helps effectuate the 'general policy embodied in the Federal Rules favoring resolution of cases on their merits.'" *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017) (quoting *Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987)). "[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). The court "must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend." *Id*.

We cannot say that amendment would be inequitable or futile with respect to the deficiencies that we have identified above in Counts II, III, and IV. Thus, Espigh will be granted leave to file an amended complaint with respect to Counts II, III, and IV. (As we observed, our dismissal of all counts as asserted against the

15

Department is with prejudice, and Espigh will not be granted leave to amend any count as asserted against the Department.)

Any amended complaint shall be complete in all respects. It shall contain all of Espigh's claims against all of the defendants. It shall be a new pleading which stands by itself as an adequate complaint without reference to the complaints already filed. It shall not incorporate by reference any of the previous complaints. Any amended complaint shall be titled as an amended complaint and shall contain the docket number of this case.

## IV.  Conclusion.

Defendants' partial motion to dismiss, *doc. 7*, is granted. Further, Espigh's four counts are all dismissed with prejudice as asserted against defendant Lewistown Police Department. An appropriate order will be issued.

<u>S/Susan E. Schwab</u>  
Susan E. Schwab  
United States Magistrate Judge