IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRAIG RYAN ESPIGH, | : | CIVIL NO.: 1:19-cv-02221 |
| | : | |
| Plaintiff, | : | |
| | : | (Magistrate Judge Schwab) |
| v. | : | |
| | : | |
| BOROUGH OF LEWISTOWN, *et al.*, | : | |
| | : | |
| | : | |
| Defendants. | : | |

# ORDER
April 21, 2021

On February 26, 2021, Craig Ryan Espigh ("Espigh") filed an amended complaint to which the defendants filed a motion to dismiss. *Docs. 36, 37*. The defendants filed a brief in support of their motion to dismiss on March 25, 2021, and Espigh filed a motion to file a second amended complaint along with a "response" to the defendants' motion to dismiss. *Docs. 40, 41, 42*. We ordered Espigh to file a letter explaining how he would further amend his amended complaint if given leave to file a second amended complaint, and we are in receipt of his letter. *Docs. 43, 44*.

After reviewing Espigh's letter, and keeping in mind that Fed. R. Civ. P. 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires" and that "[t]his liberal amendment regime helps effectuate the 'general

policy embodied in the Federal Rules favoring resolution of cases on their merits,'" *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017) (quoting *Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987) (internal quotation marks and citation omitted)), we think the best course is to allow Espigh to file a second amended complaint.  Based on the foregoing, **IT IS ORDERED** that Espigh's motion for leave to file a second amended complaint (*doc. 41*) is **GRANTED**, and Espigh shall file his second amended complaint on or before **May 7, 2021**.  **IT IS FURTHER ORDERED** that the defendants' motion to dismiss (*doc. 37*) is **DENIED AS MOOT**.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge
